UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Tarun Kumar,

Petitioner,

v.

Fredrick W. Stevens, in his official
capacity as Seneca County Sheriff, *et al.*,

Respondents.

Case No.  3:26-cv-132

MEMORANDUM OPINION
AND ORDER

## I.     INTRODUCTION

Petitioner Tarun Kumar filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241,

concerning his ongoing civil immigration detention.  (Doc. No. 1).  Magistrate Judge Darrell A. Clay

reviewed the petition as well as the related briefing pursuant to Local Rule 72.2(b)(2) and

recommends I grant the petition and order Respondents to hold a bond hearing within seven days.

(Doc. No. 15).  Kumar filed an objection to Judge Clay's recommendation as to the appropriate

relief.  (Doc. No. 16).  Respondents Seneca County, Ohio Sheriff Frederick Stevens, Immigration

and Customs Enforcement ("ICE") Field Officer Director for the Detroit Area Kevin Raycraft,

Secretary of the Department of Homeland Security ("DHS") Markwayne Mullin, United States

Acting Attorney General Todd Blanche, and ICE Acting Director David J. Venturella filed

objections to the entire Report and Recommendation, (Doc. No. 17), to which Kumar filed a

response.[1]  (Doc. No. 18).  For the reasons stated below, I overrule Respondent's objections, sustain Kumer's objection in part and overrule it in part, and adopt Judge Clay's Report and Recommendation.

## II.    BACKGROUND

Kumar entered the United States without inspection on or about October 7, 2019, after he fled India "after experiencing persecution, wrongful imprisonment, and threats because of his membership in the Mann political party."  (Doc. No. 1 at 6).  He was arrested and detained shortly thereafter and placed in removal proceedings by DHS officers.  (*Id.*).  He was later released on bond on June 18, 2020.  (*See* Doc. No. 8-3).

More than four years later, on December 21, 2023, the immigration judge presiding over the removal proceedings dismissed Kumar's case without prejudice on the government's motion.  (Doc. No. 1 at 7).  Kumar appealed the dismissal, because it also had the effect of dismissing a petition for asylum he had filed.  (*Id.*).  The appeal remains pending, though the government moved to remand the case to the immigration judge for consideration of Kumar's asylum petition on March 11, 2026.  (Doc. No. 12-2 at 3).

On December 17, 2025, Kumar was again arrested by DHS officers.  He has been detained in the Seneca County jail since that date.  Kumar filed a motion for a custody redetermination hearing, but that motion was denied by an immigration judge based on an alleged lack of jurisdiction.  (Doc. No. 12-5 at 1).

---

[1]  Kumar initially named Krisi Noem, Pamela Bondi, and Todd Lyons as Respondents.  None of those individuals currently hold the offices they did at the time the petition was filed.  Therefore, I order that Mullins, Blanche, and Venturella be substituted as Respondents in this case.  *See* Fed. R. Civ. P. 25(d).

The parties do not object to Judge Clay's description of the factual and procedural background of Kumar's immigration proceedings.  Therefore, I adopt those sections of the Report and Recommendation in full.  (Doc. No. 15 at 3-6).

### III.  STANDARD

Once a magistrate judge has filed a report and recommendation, a party to the litigation may "serve and file written objections" to the magistrate judge's proposed findings and recommendations, within 14 days of being served with a copy.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2).  Written objections "provide the district court 'with the opportunity to consider the specific contentions of the parties and to correct any errors immediately' . . . [and] 'to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute.'" *Kelly v. Withrow*, 25 F.3d 363, 365 (6th Cir. 1994) (quoting U*nited States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981) and *Thomas v. Arn*, 474 U.S. 140, 147 (1985)).  A district court must conduct a *de novo* review only of the portions of the magistrate judge's findings and recommendations to which a party has made a specific objection.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).

### IV.  DISCUSSION

Judge Clay recommends I conclude Kumar has been improperly detained, grant his petition, and order that he receive a bond hearing within seven days.  (Doc. No. 15).  He also recommends I conclude Kumar's continued detention violates his Fifth Amendment right to due process.  Kumar objects only to Judge Clay's recommendation regarding the bond hearing.  He contends that I instead should order his immediate release subject to previously imposed bond terms or require Respondents to justify his continued detention by clear and convincing evidence.  (Doc. No. 16).

Respondents object to Judge Clay's recommendation that I grant Kumar's petition, arguing this Court lacks subject matter jurisdiction over this case because Kumar is detained pursuant to 8 U.S.C. § 1225(b)(1) or (2) and not 8 U.S.C. § 1226(a).  (*See* Doc. No. 17).  They also object to Judge

3

Clay's recommendation that I waive any administrative exhaustion requirement and to his recommendation that I conclude Kumar's continued detention violates the Due Process Clause of the Fifth Amendment.

Kumar filed a response to Respondents' objections, noting that Respondents did not point to any other case in which a court accepted the subject matter jurisdiction arguments they raise here and arguing their arguments regarding Judge Clay's recommendations regarding exhaustion, a bond hearing, and the violation of his Due Process rights lack merit.  (Doc. No. 18).

## A.    JURISDICTION

Respondents argued that four federal statutory provisions prohibit judicial review of Kumar's petition – 8 U.S.C. §§ 1252(e)(2), 1252(e)(3), 1252(g), and 1252(b)(9).  Judge Clay recommends I reject this argument because none of the four provisions applies in this case.  (Doc. No. 15 at 7-12).  Respondents object to Judge Clay's recommendation.  (Doc. No. 17 at 2-6).

Respondents assert Kumar was detained pursuant to § 1225(b)(1), which requires that noncitizens who entered the United States without inspection and who have indicated they intend to apply for asylum or have a fear of prosecution if returned to their home country "shall be detained pending a final determination of credible fear of persecution and, if found not to have such a fear, until removed."  8 U.S.C. § 1225(b)(1)(B)(iii)(IV).  They argue this Court lacks jurisdiction to hear Kumar's petition pursuant to § 1252(e)(2).  *See* 8 U.S.C. § 1252(e)(2) (providing that "no court shall have jurisdiction to review" any agency action, including detention, taken pursuant to § 1225(b)(1) except in limited circumstances).  But, for the reasons set forth below, I conclude Kumar is detained pursuant to § 1226(a), not § 1225(b)(1), and overrule Respondents' objection.  Section 1252(e)(2) does not extend to § 1226(a) and, therefore, that provision does not affect this Court's subject matter jurisdiction to hear Kumar's petition.

4

Next, Respondents appear to initially object to Judge Clay's conclusion that § 1252(e)(3) does not deprive this Court of subject matter jurisdiction. (*See* Doc. No. 17 at 3). But they subsequently concede that § 1252(e)(3) applies only to "[c]hallenges on the validity of the system." 8 U.S.C. § 1252(e)(3) (section heading). In his petition, Kumar alleges his continued detention violates the Immigration and Nationality Act because he is entitled to a bond hearing pursuant to § 1226(a), as well as his Fifth Amendment due process rights. (Doc. No. 1 at 22-24). He does not assert a challenge to the constitutionality of § 1225(b) or to the lawfulness of regulations, policies, or procedures implementing § 1225(b). *See* 8 U.S.C. § 1252(e)(3)(A)(i)-(ii). Therefore, I overrule Respondents' objection and conclude § 1252(e)(3) does not affect this Court's subject matter jurisdiction in this case.

Respondents also object to Judge Clay's recommendations concerning §§ 1252(g) and 1252(b)(9). (Doc. No. 17 at 3-6). First, § 1252(g), which provides that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." 8 U.S.C. § 1252(g). Respondents argue I should conclude that Kumar's "detention is part and parcel of, or 'arises from,' an underlying removal order." (Doc. No. 17 at 4).

But, as Kumar points out, many courts in the Northern District of Ohio already have rejected this argument. (*See* Doc. No. 18 at 2-3). As those courts have found, "challenges to the government's failure to provide a detained alien with a bond hearing do not fall within the narrow scope of § 1252(g)." *Campos-Rios v. Blanche*, No. 3:26CV00640, 2026 WL 1361650, at *9 (N.D. Ohio May 15, 2026). As the Supreme Court has noted, that "provision applies only to three discrete actions that the Attorney General may take: her 'decision or action' to '*commence* proceedings,

*adjudicate* cases, or *execute* removal orders.'" *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999) (quoting 8 U.S.C. § 1252(g)) (emphasis added by *Reno*).  The Supreme Court continued:

> There are of course many other decisions or actions that may be part of the deportation process - such as the decisions to open an investigation, to surveil the suspected violator, to reschedule the deportation hearing, to include various provisions in the final order that is the product of the adjudication, and to refuse reconsideration of that order.

*Reno,* 525 U.S. at 482.

The government is correct that the Eleventh Circuit Court of Appeals has held that the decision to take a noncitizen "into custody and detain him during his removal proceedings" arises from the commencement of proceedings.  *Alvarez v. U.S. Immigr. & Customs Enf't*, 818 F.3d 1194, 1203 (11th Cir. 2016).  But the Sixth Circuit Court of Appeals has never adopted that reasoning.  And none of the parties, the majority, nor the dissent in the Sixth Circuit's recent decision in *Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026) – in which the court held that the petitioners were entitled to bond hearings pursuant to § 1226(a), rather than mandatory detention pursuant to § 1225(b)(2)(A) – raised any concerns that § 1252(g) prohibited the court from exercising subject matter jurisdiction.

Consistent with the Supreme Court's admonition that "[i]t is implausible that the mention of three discrete events along the road to deportation [in § 1252(g)] was a shorthand way of referring to all claims arising from deportation proceedings," *Reno*, 525 U.S. at 482, and the Sixth Circuit's implicit conclusion that § 1252(g) did not prohibit federal court review of § 2241 habeas petitions challenging a noncitizen's continued detention without a custody redetermination hearing, I overrule Respondents' objection and hold that § 1252(g) has no impact on this Court's jurisdiction in this case.

Finally, I also overrule Respondents' objection with respect to Judge Clay's recommendation that I conclude § 1252(b)(9) does not prohibit the exercise of jurisdiction either.  That section contains language similar to that used in § 1252(g):

> Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section.

8 U.S.C. § 1252(b)(9).

Respondents acknowledge that a plurality of the Supreme Court held in *Jennings v. Rodriguez*, 583 U.S. 281 (2018), that § 1252(b)(9) does not deprive a court of jurisdiction to consider habeas petitions where the petitioners "are not asking for review of an order of removal; they are not challenging the decision to detain them in the first place or to seek removal; and they are not even challenging any part of the process by which their removability will be determined."  *Id.* at 294. Respondents contend this case falls outside of that principle of law, arguing Kumar "is not challenging his prolonged detention" and that his claims arise from DHS's "decision to detain him in the first place or to seek removal."  (Doc. No. 17 at 6) (citation, quotation marks, and brackets omitted).

But Respondents' characterization misrepresents the relief Kumar seeks.  His petition does not raise any challenge to his removal proceeding.  Instead, he seeks a declaration that his continued detention without a custody redetermination hearing "violates the INA and the Due Process Clause of the Fifth Amendment."  (Doc. No. 1 at 24).  Thus, as Judge Clay concluded, his claims fall outside of the scope of § 1252(b)(9) and that provision does not prohibit this Court from hearing Kumar's petition.

**B.**     **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

Judge Clay recommends I reject Respondents' argument that Kumar's petition must be dismissed because he did not exhaust his administrative remedies by requesting a custody redetermination hearing before an immigration judge.  (Doc. No. 15 at 12-15).  As Judge Clay noted, many courts within the Sixth Circuit apply a three-factor test described by the Ninth Circuit Court of Appeals:

> Courts may require prudential exhaustion if (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review.

*Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007) (citations and internal quotation marks omitted).

Judge Clay recommended I conclude that each of these factors weighed in favor of waiving any administrative exhaustion requirement.  (Doc. No. 15 at 14-15).  He further recommended in the alternative that requiring Kumar to exhaust administrative remedies would be futile.  (*Id.* at 15) (citing cases).

Respondents object to this recommendation, arguing that "responding to questions of statutory interpretation, such as whether to apply 8 U.S.C. § 1225(b) or 1226(a) to a habeas petition, may benefit from agency review."  (Doc. No. 17 at 8).

I am not persuaded by Respondents' argument.  Even if the *Puga* factors weighed in favor of administrative exhaustion, I conclude such a requirement "'would be a futile gesture.'"  *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004) (quoting *S.E.C. v. G.C. George Sec., Inc.*, 637 F.2d 685, 688 (9th Cir. 1981)).  Cases like Kumar have proliferated in the federal courts in recent months precisely because DHS has reversed course from decades-long practice to insist § 1225(b) requires mandatory detention of nearly "all aliens who are present in the United States without admission, even with respect to aliens who have been residing in the United States for a lengthy period of time following

entry without inspection." *Campos-Rios*, 2026 WL 1361650, at *4 (citation omitted). *See also Lopez-Campos*, 175 F.4th at 725. The Sixth Circuit already has held that the government's position is wrong with respect to § 1225(b)(2)(A) in *Lopez-Campos* and, when presented with a motion for a custody redetermination hearing after Kumar's petition was filed, an immigration judge held the judge lacked jurisdiction to decide the motion. (Doc. No. 12-5). Therefore, I overrule Respondents' objection and hold Kumar was not required to exhaust his administrative remedies prior to filing his petition.

## C.     MANDATORY OR DISCRETIONARY DETENTION

Judge Clay recommends I conclude Kumar's detention is governed by § 1226(a) and, therefore he is entitled to a custody redetermination hearing. (Doc. No. 15 at 16-20). In reaching this recommendation, Judge Clay noted "DHS's decision to release Petitioner consistent with § 1226(a) is strong evidence the Department intended to detain him under § 1226(a) and not § 1225(b)." (*Id.* at 19).

Respondents object to this recommendation, arguing that DHS's failure to abide by § 1225(b)(1)'s mandatory detention requirement does not mean that that statute does not apply to Kumar. (Doc. No. 17 at 8-12). Respondents rely on *Paredes Padilla v. Galovich*, an unreported decision from the Western District of Wisconsin. Case No. 25-cv-865-jdp, 2025 WL 3640960 (W.D. Wis. Dec. 16, 2025). Like Kumar, the petitioner in that case was arrested shortly after entering the United States without inspection and placed in expedited removal proceedings. *Id.* at *1. Officials concluded he had a credible fear of persecution if returned to his home country and referred his case for asylum proceedings. *Id.* Paredes Padilla was then released on bond before being arrested while at work six years later. *Id.* An immigration judge concluded Paredes Padilla was subject to mandatory detention pursuant to § 1225(b)(1) despite his earlier release on bond, and the district court agreed. *Id.* at *1-4.

But, as Kumar noted in his response to Respondents' objections, no other court has adopted the *Paredes Padilla* court's reasoning. Instead, a compelling majority of district courts have concluded "that once an alien is released on bond, the alien [has] a right to a pre-deprivation hearing before the bond may be revoked." *Tamarit-Ferrer v. Rivas*, No. CV2504886PHXDWL(MTM), 2026 WL 295687, at *2 (D. Ariz. Feb. 4, 2026) (citing *J.C.E.P. v. Wofford*, No. 1:25-cv-1559-EFB (HC), 2025 WL 3268273, at *6 (E.D. Cal. 2025), and *Echevarria v. Bondi*, No. CV-25-03252-PHX-DWL (ESW), 2025 WL 2821282 (D. Ariz. Oct. 3, 2025), *appeal dismissed,* No. 25-7569, 2026 WL 595586 (9th Cir. Jan. 13, 2026)). *See also Barco Mercado v. Francis*, 811 F. Supp. 3d 487, 491 (S.D.N.Y. 2025); *De Andrade v. Moniz*, 802 F. Supp. 3d 325 (D. Mass. 2025); *Singh v. Hott*, No. 4:26-CV-256-DJH, 2026 WL 1880217 (W.D. Ky. June 30, 2026); *Singh v. Cantu*, No. CV-26-00860-PHX-KML (MTM), 2026 WL 1552518 (D. Ariz. June 2, 2026); *De Andrade v. Nessinger*, No. 26-CV-183-JJM-AEM, 2026 WL 925648, at *4 (D.R.I. Apr. 6, 2026); *Luna Sanchez v. Bondi*, No. 1:25-CV-018888-MSN-IDD, 2025 WL 3191922 (E.D. Va. Nov. 14, 2025); and *Hernandez Capote v. Sec'y of U.S. Dep't of Homeland Sec.*, No. 25-13128, 2025 WL 3089756, at *5 (E.D. Mich. Nov. 5, 2025).

Therefore, I overrule Respondents' objection, adopt Judge Clay's recommendation, and conclude that Kumar's continued detention without a custody redetermination hearing violates § 1226(a).

## D.    DUE PROCESS

Judge Clay applied the three-part test found in *Mathews v. Eldridge*, 424 U.S. 319 (1976), and recommends I conclude Kumar's continued detention violates the Fifth Amendment Due Process Clause. (Doc. No. 15 at 21-24). Respondents object to this recommendation only on the basis that § 1225(b)(1) requires Kumar's mandatory detention and, therefore, his due process rights have not been violated. I already have rejected this argument and do so again here.

"Respondents have made no attempt to claim a government interest so weighty as to overcome [Kumar's] significant liberty interest in being free from imprisonment and the unacceptable risk of erroneous deprivation associated with detaining a person with no process whatsoever." *Barco Mercado*, 811 F. Supp. 3d at 504.  I overrule Respondents' objection and order that Kumar be given, within seven days of the date of this Memorandum Opinion and Order, a custody redetermination hearing at which Respondents must prove his detention is legally justifiable by clear and convincing evidence, or Respondents shall release him from custody.  *See, e.g., Hidalgo-Sanchez v. Raycraft*, Case No. 3:26-cv-976, 2026 WL 1242978, at *4-5 (N.D. Ohio May 6, 2026) (citing cases).

As I noted above, Kumar objects to Judge Clay's recommendation that he received a custody redetermination hearing, arguing that other courts have ordered a petitioner's immediate release because immigration judges have denied bond "on pretextual grounds." (Doc. No. 16 at 3-4) (citing cases).  While Kumar's trepidation is understandable given Respondents' failure to comply with the law thus far, I am not persuaded that it is necessary to assume they will continue to do so. *Cf. Santillan Quiroz v. Mullin*, --- F.4th ---, 2026 WL 1876709, at *17 n.13 (10th Cir. 2026) (observing a noncitizen may "properly be subject to detention under § 1226(a)" and directing the district court to order the respondents to give the petitioner a bond hearing or his release within seven days).  I conclude that requiring Respondents to establish by clear and convincing evidence that Kumar is subject to detention under § 1226(a) is the appropriate course and overrule Kumar's objection.[2]

---

[2]  Kumar also argued, in the alternative, that the clear-and-convincing-evidence standard is the applicable burden of proof at any custody redetermination hearing.  (Doc. No. 16 at 4).  I agree and sustain his objection.

**E.    PROPER RESPONDENTS**

Respondents argued that Raycraft is the only proper Respondent in this case and that the other Respondents must be dismissed. Judge Clay recommends that Sheriff Stevens be dismissed as a party to this action but that the other Respondents remain. (Doc. No. 15 at 1-3). No party filed an objection to this recommendation, and the failure to file written objections to a Magistrate Judge's Report and Recommendation constitutes a waiver of a determination by the district court of an issue covered in the report. *See, e.g., Thomas v. Arn,* 728 F.2d 813, 815 (6th Cir. 1984), *aff'd,* 474 U.S. 140 (1985); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Therefore, I adopt Judge Clay's recommendation and dismiss only Stevens as a Respondent.

**V.    CONCLUSION**

For the reasons stated above, I sustain in part and overrule in part Petitioner Tarun Kumar's objections, (Doc. No. 16), to Judge Clay's Report and Recommendation, (Doc. No. 15), and I overrule Respondents' objections. (Doc. No. 17). Frederick W. Stevens is dismissed as a Respondent in this case. I further order that Respondents shall provide Kumar with a custody redetermination hearing at which Respondents must prove his detention is legally justifiable by clear and convincing evidence within seven days of the date of this Memorandum Opinion and Order or Respondents shall immediately release him from custody. Finally, I deny Kumar's motion to expedite as moot. (Doc. No. 19).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge

12